## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE, NASHVILLE DIVISION

| | |
|---|---|
| **JOHN DOES #1–3, individually and on behalf of all others similarly situated,** | |
| **Plaintiffs,** | |
| ***vs.*** | |
| **WILLIAM B. LEE, Governor of the State of Tennessee, and DAVID B. RAUSCH, Director of the Tennessee Bureau of Investigation, and TONY C. PARKER, Commission of the Tennessee Department of Corrections, in their official capacities,** | **Case No. _____** |
| **Defendants.** | |

## CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs John Does #1–3 hereby complain on behalf of themselves and of all others similarly situated against Defendants William B. Lee, David B. Rausch, and Tony C. Parker, as follows:

### INTRODUCTION

1. On May 10, 2019, Tennessee Governor William Lee signed into law Senate Bill No. 425 (2019 Public Chapter No. 374) (hereinafter "SB 425") (copy attached as **Exhibit 1**), which makes it a felony for any person who has ever been convicted of a sex offense against any child under the age of twelve to knowingly reside, spend the night, or be alone with the person's own minor children, even if the person has never committed a sex offense against his own child.

2. SB 425 goes into effect July 1, 2019.

3. Plaintiffs are all convicted sex offenders residing in Tennessee who have successfully completed their court-ordered punishments and treatment programs. The victims in Plaintiffs' cases were all under the age of twelve.

4. Plaintiffs are fathers of minor children who are all very involved and invested in their respective minor children's lives.

5. Under existing law, Plaintiffs are required to comply with the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification, and Tracking Act of 2004, codified at Tenn. Code Ann. §§ 40-39-201–40-39-218 (2018) ("SORA").

6. SORA currently provides in relevant part:

> (c) While mandated to comply with the requirements of this part, no sexual offender…or violent sexual offender…whose victim was a minor, shall knowingly reside with a minor. Notwithstanding this subsection (c), the offender may reside or be alone with a minor if the offender is the parent of the minor, unless one (1) of the following conditions applies:
>
> > (1) The offender's parental rights have been or are in the process of being terminated as provided by law; or
> >
> > (2) Any minor or adult child of the offender was a victim of a sexual offense or violent sexual offense committed by the offender.

Tenn. Code Ann. § 40-39-2011(c) (2018).

7. SB 425 amends this provision of SORA as follows:

> (c) While mandated to comply with the requirements of this part, no sexual offender or violent sexual offender whose victim was a minor, shall knowingly reside ~~with a minor~~ or conduct an overnight visit at a residence in which a minor resides or is present. Notwithstanding this subsection (c), the offender may reside, conduct an overnight visit, or be alone with a minor if the offender is the parent of the minor, unless one (1) of the following conditions applies:
>
> > (1) The offender's parental rights have been or are in the process of being terminated as provided by law; ~~or~~
> >
> > (2) Any minor or adult child of the offender was a victim of a sexual offense or violent sexual offense committed by the offender~~.~~; or

(3) The offender has been convicted of a sexual offense or violent sexual offense the victim of which was a child under twelve (12) years of age.

(Deletions and additions to existing law indicated in red strikeout and underlined text.)

8. Because of SB 425, after July 1, 2019 any parent who has not been convicted of a sex offense against his own child, but who has been convicted at any time of a sex offense against another minor under the age of twelve, will no longer be able to reside, spend the night, or be alone with his own minor child.

9. If SB 425 takes effect on July 1, 2019, Plaintiffs will never again be able to reside or be alone with their children even though Plaintiffs have completed their sentences and treatment programs, have never committed sex offenses against their children, have worked to rehabilitate themselves, have gotten jobs and gotten married, and have become loving parents to children who rely and depend on them.

10. Likewise, along with Plaintiffs potentially hundreds of other convicted sex offenders stand to effectively lose their fundamental parental rights if SB 425 takes effect—not after a trial and due process, but by mere operation of law.

11. Plaintiffs bring this action for a declaratory judgment that SB 425 is unconstitutional under United States and Tennessee Constitutions and an injunction prohibiting its enforcement against Plaintiffs and all others similarly situated on the following grounds:

   (a) SB 425 violates the United States and Tennessee Constitutions' prohibitions against *ex post facto* laws. U.S. Constitution, art. I, § 10, cl. 1; Tenn. Const., art. I, § 11.

   (b) SB 425 violates Plaintiffs' fundamental right under the United States and Tennessee Constitutions to enter into and carry on family relationships with their children. U.S. Constitution, amend. I, amend. XIV, § 1; Tenn. Const., art. I, § 8.

(c) SB 425 violates Plaintiffs' fundamental right under the United States and Tennessee Constitutions to direct the education and upbringing of their children. U.S. Constitution, amend. XIV, § 1; Tenn. Const., art. I, § 8.

(d) SB 425 deprives Plaintiffs' of the liberty to live with their own children without due process of law in violation of the United States and Tennessee Constitutions. U.S. Constitution, amend. XIV, § 1; Tenn. Const., art. I, § 8.

(e) SB 425 violates the United States and Tennessee Constitutions' prohibitions against cruel and unusual punishment. U.S. Constitution, amend VIII; Tenn. Const., art. I, § 16.

## JURISDICTION AND VENUE

12. This Court has jurisdiction under 28 U.S.C. § 1331 and § 1343 because Plaintiffs seek redress pursuant to 42 U.S.C. § 1983 and § 1988 for the violation of their rights under the United States Constitution.

13. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiffs' claims for violation of their rights under the Tennessee Constitution because those claims are so related to Plaintiffs' federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

14. Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201–2202, by Fed. R. Civ. P. 57 and 65, and by the legal and equitable powers of this Court.

15. Venue is proper in the Middle District of Tennessee pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS: THE PLAINTIFFS

### John Doe #1

16. Plaintiff John Doe #1 is an individual who resides in Tennessee and is required to comply with SORA.

17. Doe #1 was convicted of "indecency with child contact" in 1999. The victim was under the age of twelve at the time of the offense for which Doe #1 was convicted. No law in effect at the time of his offense or conviction prohibited him from residing, spending the night, or being alone with his own child if he became a parent.

18. Doe #1 was sentenced to two years' imprisonment, which he completed.

19. Nine years later, in 2007, Doe #1 became married. He and his wife had a son in 2014. No law in effect when his son was born prohibited Doe #1 from residing, spending the night, or being alone with his son.

20. Doe #1's wife abandoned him and their son in 2017. She moved out of state and has never come back. His son was 18 months old at the time.

21. Doe #1 has continued raising his son as a single parent. He has not remarried.

22. Doe #1's son is a low-functioning, non-verbal, autistic child. His son depends on a routine. If that routine is interrupted, his son engages in disruptive behaviors such as non-stop screaming and crying.

23. Doe #1 works from home so that he can work and care for his son at the same time. His daily routine begins with waking up his son, serving him breakfast, and then doing therapeutic activities with him to help him learn the alphabet, numbers, shapes, and so on. Doe #1 prepares and provides the remaining meals and continues additional therapy in the afternoon involving coloring, balls, and flashcards. Doe #1 is regularly alone with his son.

24. In June 2019, Doe #1 went to make his quarterly report as required by SORA. The law enforcement officer he reported to asked about his living arrangements with his son. The officer informed Doe #1 that beginning July 1, 2019, he can no longer reside with his now-five-year old son.

25. If Doe #1 cannot reside with or be alone with his son, there will be no one to care for him. Furthermore, his son suffers from separation anxiety as a result of his mother's abandonment and cannot cope when Doe #1 is gone for any length of time. Doe #1 cannot afford to hire a special needs caregiver with the skill set to nurture a young, autistic child.

26. Doe #1 loves his son, provides for him, and wants to be involved in his life as much as possible. Doe #1's son needs Doe #1 with him to raise him, nurture him, and care for his special needs.

**John Doe #2**

27. Plaintiff John Doe #2 is an individual who resides in Tennessee and is required to comply with SORA.

28. Doe #2 was convicted of attempted aggravated sexual battery in 2005. The victim was under the age of twelve at the time of the offense for which Doe #2 was convicted. No law in effect at the time of his offense or conviction prohibited him from residing, spending the night, or being alone with his own child if he became a parent.

29. At the time of Doe #2's conviction he was living with his wife and three-year old daughter. No law in effect when his daughter was born prohibited Doe #2 from residing, spending the night, or being alone with his daughter.

30. Doe #2 was sentenced to six years' probation, which he completed with no infractions, and is on community supervision for life. He completed his therapy. He reports quarterly to his probation officer. He has had no violations while on community supervision.

31. Doe #2 experiences extreme difficulties obtaining employment as a sex offender, so he bought a farm and started his own business selling farm goods to restaurants. His wife works away from home most of the week. His farm occupation allows him to stay home and take care of their daughter.

32. Doe #2's daughter is now 16 years old. She has a learning disability. He and his wife decided to home school their daughter in part because he generally could not go to school functions or extracurricular activities. They decided homeschooling their daughter was the best choice for giving her a reasonably normal childhood.

33. Doe #2 has been his daughter's day-to-day caretaker and teacher. His daughter suffers from anxiety and depression. She is very attached to her father and mother. Together, they help their daughter practice coping skills to overcome her emotional troubles.

34. On June 3, 2019, Doe #2 made his quarterly sex offender registry check-in with his community supervision probation officer. The officer gave him a memorandum from the Tennessee Department of Corrections ("TDOC") dated May 29, 2019. The memorandum was sent to sex offenders on community supervision for life to inform them of SB 425's enactment and stated in relevant part:

> [O]nce this law goes into effect you will no longer be allowed to live at your current residence with the minor child/children. You must find alternative housing for yourself or the minor child/children by no later than July 1, 2019. If you and the minor child/children continue to live together at your current residence after July 1, 2019 you will be in violation of the conditions of the Tennessee Sex Offender Registry and subject to arrest and prosecution.

35. If Doe #2 is forced to leave his home, there will be no one to homeschool his daughter, because his wife must work. His daughter will be home alone.

36. Nor will there be anyone to run Doe #2's farm. His business and livelihood will collapse and his family will suffer financial loss.

37. Doe #2 loves his daughter and she needs him with her to raise, educate, and nurture her.

**John Doe #3**

38. Plaintiff John Doe #3 is an individual who resides in Tennessee and is required to comply with SORA.

39. Doe #3 was convicted of attempted rape of a child in 2007. The child was under the age of twelve at the time of the offense for which Doe #3 was convicted. No law in effect at the time of his offense or conviction prohibited him from residing, spending the night, or being alone with his own child if he became a parent.

40. Doe #3 was sentenced to 10 years' probation, which he completed. He will remain on community supervision for the rest of his life. Tenn. Code Ann. § 39-13-524(a). No law in effect at the time of his offense or conviction prohibited him from residing, spending the night, or being alone with his own child if he became a parent.

41. Doe #3 has actively participated in all sex offender treatment and counseling required of him.

42. Nine years later, in 2016, Doe #3 became married. He and his wife had a child that same year and another child in 2018. No law in effect when these children were born prohibited Doe #3 from residing, spending the night, or being alone with his children.

43. Doe #3 loves his children, provides for them, and wants to be involved in their lives as much as possible.

44. Doe #3 resides with his wife and children and is often alone with his children due to his wife's work schedule. Doe #3 works in construction and his wife works as a nurse. Both spouses must work and struggle to make ends meet. A relative watches the children during the day while Doe #3 and his wife are working. The relative leaves when Doe #3 comes home in the evening. Doe #3 is often the only parent at home in the evening because his wife often works late shifts and extra shifts to make more money for their family.

45. In June 2019, Doe #3 received the same TDOC memorandum Doe #2 received, informing him of SB 425's enactment and instructing him to find "alternative housing" or be "subject to arrest and prosecution."

46. If Doe #3 is prohibited from residing, spending the night, or being alone with his children, he will have to find a new home. This will be extremely difficult. First, many places are off-limits to him under SORA's geographical restrictions on where sex offenders may live. *See* Tenn. Code Ann. § 40-39-211(a). Second, many landlords refuse to rent to sex offenders. Third, Doe #1 and his wife struggle to make ends meet paying for just one residence; they cannot afford to pay for two residences.

47. Furthermore, if Doe #3 cannot spend the night or be alone with his children, he and his wife will have to hire a babysitter to watch the children in the evenings. His wife often cannot watch the children due to her work schedule. When she is home, she is often so exhausted from work that she cannot watch the children. Yet, due to their financial circumstances, Doe #3 and his wife cannot afford the additional cost of a babysitter.

### FACTUAL ALLEGATIONS: THE DEFENDANTS

### Governor Lee

48. Defendant William B. Lee is the Governor of the State of Tennessee. He is sued in his official capacity.

49. Pursuant to Article III, section 1 of the Tennessee Constitution, the supreme executive power of the state is vested in the governor. The Tennessee Constitution further provides that the governor shall take care that applicable federal and state laws are faithfully executed. Tenn. Const., art. III, § 10. Governor Lee signed SB 425 into law. Governor Lee is ultimately responsible for the enforcement of the laws of this state and for supervision of all state departments, including the Tennessee Bureau of Investigation (the "TBI") and TDOC.

50. Governor Lee is an appropriate defendant in a case challenging the constitutionality of the SB 425.

## TBI Director Rausch

51. Defendant David B. Rausch is the Director of the TBI. He is sued in his official capacity.

52. SORA requires the TBI to maintain Tennessee's sex offender registry. Tenn. Code Ann. § 40-39-204(a) & (d), § 40-39-206(a) (2018). The TBI's responsibilities include enforcing SORA, maintaining the state's database of sex offenders, maintaining an Internet-accessible public sex offender registry, registering offenders (along with other law enforcement agencies), developing registration forms, providing statutorily-required notices to registrants, collecting registration fees, and coordinating with national law enforcement and the national sex offender registry. *See* Tenn. Code Ann. § 40-39-203(i), § 40-39-204(a) & (d), § 40-39-205(a) & (f), § 40-39-206 (2018).

53. The director of the TBI is an appropriate defendant in a case challenging the constitutionality of SB 425.

## TDOC Commission Parker

54. Tony C. Parker is the Commissioner of TDOC. He is sued in his official capacity.

55. TDOC is one of the agencies charged with enforcing SORA. Tenn. Code Ann. § 40-39-202(1) & (14), § 40-39-204(a), § 40-39-208(g),

56. TDOC is the agency responsible for supervising sex offenders sentenced to community supervision for life. Tenn. Code Ann. § 39-13-524(d).

57. TDOC issued the memorandum received by Doe #2 and Doe #3 to all sex offenders on community supervision for life whose victims were under the age of twelve.

58. The director of TDOC is an appropriate defendant in a case challenging the constitutionality of SB 425.

## FACTUAL ALLEGATIONS: CLASS ACTION

59. Plaintiffs seek to bring this action for themselves and on behalf of two classes, the "Ex Post Facto Class" and the "Due Process Class."

### A. Class Definitions.

60. The Ex Post Facto Class is defined as every resident of Tennessee:

(a) Who has been convicted of a "sexual offense" or "violent sexual offense" as defined by Tenn. Code Ann. § 40-39-202 against a victim under the age of twelve;

(b) Whose qualifying offense occurred prior to May 10, 2019; and

(c) Who is the parent of a minor child.

61. The Due Process Class is defined as every resident of Tennessee:

(a) Who has been convicted of a "sexual offense" or "violent sexual offense" as defined by Tenn. Code Ann. § 40-39-202 against a victim under the age of twelve; and

(b) Who is the parent of a minor child.

62. The names, dates of offense, dates of conviction, presence of minor children in the home, and other relevant records of the Ex Post Facto Class and Due Process Class members are in Defendants' possession, custody, or control and are easily ascertainable by Defendants.

### B. The Prerequisites of Fed. R. Civ. P. 23(a) Are Satisfied.

#### 1. Numerosity.

63. On information and belief, the Ex Post Facto Class and Due Process Class are each so numerous that joinder of all members is impracticable. In 2018, news media outlets reported a study by the National Center for Missing and Exploited Children that found Tennessee had

29,123 registered sex offenders. *See* <https://newschannel9.com/news/local/tennessee-claims-among-highest-rates-of-registered-sex-offenders-according-to-ncmec-data> (accessed June 26, 2019). If only one-half of one percent of registered offenders fell within the Class definition, that would exceed 145 people.

### 2. Commonality.

64. There are questions of law and fact common to the Ex Post Facto Class and Due Process Class, including without limitation:

    (a) Whether prohibiting a person from residing, spending the night, or being alone with that person's minor child substantially interferes with that person's fundamental right to direct the education and upbringing of his or her children?

    (b) Whether Tennessee may impose such a prohibition based solely on the facts of that person's prior criminal conviction and without any trial or other due process?

    (c) Whether Tennessee may impose such a prohibition based solely on the facts of that person's prior criminal conviction and without any finding, based on an individualized assessment of that person, that he or she poses a danger to or has harmed the child?

### 3. Typicality.

65. Plaintiffs' claims are typical of the claims of the Ex Post Facto Class and Due Process Class. Plaintiffs were convicted of sex offenses against (unrelated) minors under the age of twelve and presently reside with their own minor children.

### 4. Adequacy of Representation.

66. Plaintiffs will fairly and adequately protect the interests of the Ex Post Facto Class and Due Process Class. Each Plaintiff has a sufficient stake in the litigation to prosecute his

claims vigorously on behalf of the Ex Post Facto Class and Due Process Class members and each Plaintiff's interests are aligned with those of the Ex Post Facto Class and Due Process Class members. There are no defenses of a unique nature that may be asserted against any Plaintiff individually, as distinguished from the other members of the Ex Post Facto Class and Due Process Class, and the relief sought is common to the Ex Post Facto Class and Due Process Class. No Plaintiff has any interest that is in conflict with or is antagonistic to the interests of the members of the Ex Post Facto Class and Due Process Class, and no named Plaintiff has any conflict with any other member of the Ex Post Facto Class and Due Process Class. Plaintiffs have retained competent counsel to represent them and the Ex Post Facto Class and Due Process Class in this litigation.

### C. The Prerequisites of Fed. R. Civ. P. 23(b)(2) Are Satisfied.

67. Plaintiffs should be permitted to maintain a class action for declaratory and injunctive relief because Defendants "have acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). SB 425 applies to every Ex Post Facto Class and Due Process Class member without regard to his or her individual circumstances, making certification for purposes of seeking declaratory and injunctive relief appropriate.

### CLAIMS FOR RELIEF

### COUNT I

### *Ex Post Facto* Clause: United States Constitution

68. Article I, section 10, clause 1 of the United States Constitution provides in relevant part: "No State shall…pass any…*ex post facto* Law[.]"

69. The offenses for which Plaintiffs and Ex Post Facto Class members have been convicted and their convictions for those offenses occurred before SB 425's enactment.

70. Prohibiting Plaintiffs and Ex Post Facto Class members from residing, spending the night with, or being alone with their children based solely on the facts of their convictions and without any finding, based on an individualized assessment of the parent, that they pose a danger or have caused any harm to their children, constitutes additional punishment of Plaintiffs and Ex Post Facto Class members for those pre-enactment offenses.

71. SB 425 therefore violates Article I, section 10, of the United States Constitution as applied to Plaintiffs and Ex Post Facto Class members.

## COUNT II

### *Ex Post Facto* Clause: Tennessee Constitution

72. Article I, section 11 of the Tennessee Constitution provides: "[L]aws made for the punishment of acts committed previous to the existence of such laws, and by them only declared criminal, are contrary to the principles of a free government; wherefore no *ex post facto* law shall be made."

73. The offenses for which Plaintiffs and Ex Post Facto Class members have been convicted and their convictions for those offenses occurred before SB 425's enactment.

74. Prohibiting Plaintiffs and Ex Post Facto Class members from residing, spending the night with, or being alone with their children based solely on the facts of their convictions and without any finding, based on an individualized assessment of the parent, that they pose a danger or have caused any harm to their children, constitutes additional punishment of Plaintiffs and Ex Post Facto Class members for those pre-enactment offenses.

75. SB 425 therefore violates Article I, section 11, of the Tennessee Constitution as applied to Plaintiffs and Ex Post Facto Class members.

## COUNT III

**Fundamental Right to Family Relationship: United States Constitution**

76. The First Amendment and the Due Process Clause of the Fourteenth Amendment protect the fundamental right to enter into and carry on certain intimate or private relationships, which includes family relationships such as those between parents and children.

77. By prohibiting Plaintiffs and Due Process Class members from residing, spending the night with, or being alone with their children, SB 425 substantially interferes with their fundamental right to enter into and carry on family relationships.

78. SB 425 is not narrowly tailored to serve a compelling state interest because it prohibits Plaintiffs and Due Process Class members from residing, spending the night with, or being alone with their children based solely on the facts of their convictions and without any finding, based on an individualized assessment of the parent, that they pose a danger or have caused any harm to their children.

79. SB 425 therefore violates Plaintiffs' and Due Process Class members' fundamental right under the United States Constitution to enter into and carry on family relationships.

## COUNT IV

**Fundamental Right to Family Relationship: Tennessee Constitution**

80. Article I, Section 8, of the Tennessee Constitution provides: "That no man shall be taken or imprisoned, or disseized of his freehold, liberties or privileges, or outlawed, or exiled, or in any manner destroyed or deprived of his life, liberty or property, but by the judgment of his peers, or the law of the land."

81. This provision protects the fundamental right to enter into and carry on certain intimate or private relationships, which includes family relationships such as those between parents and children.

82. By prohibiting Plaintiffs and Due Process Class members from residing, spending the night with, or being alone with their children, SB 425 substantially interferes with their fundamental right to enter into and carry on family relationships.

83. SB 425 is not narrowly tailored to serve a compelling state interest because it prohibits Plaintiffs and Due Process Class members from residing, spending the night with, or being alone with their children based solely on the facts of their convictions and without any finding, based on an individualized assessment of the parent, that they pose a danger or have caused any harm to their children.

84. SB 425 therefore violates Plaintiffs' and Due Process Class members' fundamental right under the Tennessee Constitution to enter into and carry on family relationships.

### COUNT V

### Fundamental Right to Direct the Education and Upbringing of Children: United States Constitution

85. The Due Process Clause of the Fourteenth Amendment to the United States Constitution protects the fundamental right of parents to direct the education and upbringing of their children.

86. By prohibiting Plaintiffs and Due Process Class members from residing, spending the night with, or being alone with their children, SB 425 substantially interferes with their fundamental right to direct the education and upbringing of their children.

87. SB 425 is not narrowly tailored to serve a compelling state interest because it prohibits Plaintiffs and Due Process Class members from residing, spending the night with, or being alone with their children based solely on the facts of their convictions and without any finding, based on an individualized assessment of the parent, that they pose a danger or have caused any harm to their children.

88. SB 425 therefore violates Plaintiffs' and Due Process Class members' fundamental right under the United States Constitution to direct the education and upbringing of their children.

## COUNT VI

### Fundamental Right to Direct the Education and Upbringing of Children: Tennessee Constitution

89. Article I, Section 8, of the Tennessee Constitution provides: "That no man shall be taken or imprisoned, or disseized of his freehold, liberties or privileges, or outlawed, or exiled, or in any manner destroyed or deprived of his life, liberty or property, but by the judgment of his peers, or the law of the land."

90. This provision protects the fundamental right of parents to direct the education and upbringing of their children.

91. By prohibiting Plaintiffs and Due Process Class members from residing, spending the night with, or being alone with their children, SB 425 substantially interferes with their fundamental right to direct the education and upbringing of their children.

92. SB 425 is not narrowly tailored to serve a compelling state interest because it prohibits Plaintiffs and Due Process Class members from residing, spending the night with, or being alone with their children based solely on the facts of their convictions and without any finding, based on an individualized assessment of the parent, that they pose a danger or have caused any harm to their children.

93. SB 425 therefore violates Plaintiffs' and Due Process Class members' fundamental right under the Tennessee Constitution to direct the education and upbringing of their children.

## COUNT VII

### Procedural Due Process: United States Constitution

94. The Due Process Clause of the Fourteenth Amendment to the United States Constitution forbids a state to "deprive any person of life, liberty, or property, without due process of law[.]"

95. SB 425 deprives Plaintiffs and Due Process Class members of the liberty of residing, spending the night with, or being alone with their children due process of law in violation of the Fourteenth Amendment to the United States Constitution.

## COUNT VIII

### Procedural Due Process: Tennessee Constitution

96. Article I, Section 8, of the Tennessee Constitution provides: "That no man shall be taken or imprisoned, or disseized of his freehold, liberties or privileges, or outlawed, or exiled, or in any manner destroyed or deprived of his life, liberty or property, but by the judgment of his peers, or the law of the land."

97. Under this provision, a person may not be deprived of his liberty without due process of law.

98. SB 425 deprives Plaintiffs and Due Process Class members of the liberty of residing, spending the night with, or being alone with their children without due process of law in violation of Article I, Section 8, of the Tennessee Constitution.

## COUNT IX

### Cruel and Unusual Punishment: United States Constitution

99. The Eighth Amendment to the United States Constitution provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

100.    Prohibiting Plaintiffs and Due Process Class members from residing, spending the night with, or being alone with their children based solely on the facts of their convictions and without any finding, based on an individualized assessment of the parent, that they pose a danger or have caused any harm to their children, constitutes punishment of Plaintiffs and Due Process Class members for those pre-enactment offenses.

101.    Such punishment is disproportionate and otherwise cruel and unusual.

102.    SB 425 therefore violates the Eighth Amendment to the United States Constitution.

## COUNT X

### Cruel and Unusual Punishment: Tennessee Constitution

103.    Article I, section 16 of the Tennessee Constitution provides: "[E]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

104.    Prohibiting Plaintiffs and Due Process Class members from residing, spending the night with, or being alone with their children based solely on the facts of their convictions and without any finding, based on an individualized assessment of the parent, that they pose a danger or have caused any harm to their children, constitutes punishment of Plaintiffs and Due Process Class members for those pre-enactment offenses.

105.    Such punishment is disproportionate and otherwise cruel and unusual.

106.    SB 425 therefore violates Article I, section 16 of the Tennessee Constitution.

### GROUNDS FOR INJUNCTIVE RELIEF

107.    The harm to Plaintiffs, the Ex Post Facto Class, and the Due Process Class is ongoing and cannot be alleviated except by injunctive relief.

108.    Plaintiffs, the Ex Post Facto Class, and the Due Process Class have no other adequate legal remedy.

## REQUEST FOR RELIEF

For these reasons, Plaintiffs request the Court:

a.   Enter an order certifying this action as a class action, appointing Plaintiffs as representatives of the Ex Post Facto Class and the Due Process Class, and appointing the undersigned as class counsel;

b.   Enter a declaratory judgment that SB 425 violates Article I, section 10, of the United States Constitution as applied to Plaintiffs and Ex Post Facto Class members;

c.   Enter a declaratory judgment that SB 425 violates Article I, section 11, of the Tennessee Constitution as applied to Plaintiffs and Ex Post Facto Class members;

d.   Enter a declaratory judgment that SB 425 violates Plaintiffs' and Due Process Class members' fundamental right under the United States Constitution to enter into and carry on family relationships;

e.   Enter a declaratory judgment that SB 425 violates Plaintiffs' and Due Process Class members' fundamental right under the Tennessee Constitution to enter into and carry on family relationships;

f.   Enter a declaratory judgment that SB 425 violates Plaintiffs' and Due Process Class members' fundamental right under the United States Constitution to direct the education and upbringing of their children;

g.   Enter a declaratory judgment that SB 425 violates Plaintiffs' and Due Process Class members' fundamental right under the Tennessee Constitution to direct the education and upbringing of their children;

h.   Enter a declaratory judgment that SB 425 deprives Plaintiffs and Due Process Class members of the liberty of residing, spending the night with, or being alone with their children due process of law in violation of the Fourteenth Amendment to the United States Constitution;

i.   Enter a declaratory judgment that SB 425 deprives Plaintiffs and Due Process Class members of the liberty of residing, spending the night with, or being alone with their children due process of law in violation of Article I, Section 8, of the Tennessee Constitution;

j.   Enter a declaratory judgment that SB 425 violates the Eighth Amendment to the United States Constitution;

k.   Enter a declaratory judgment that SB 425 violates Article I, section 16 of the Tennessee Constitution;

l.   Issue a permanent injunction restraining Defendants from enforcing SB 425 against Plaintiffs, Ex Post Facto Class members, and Due Process Class members;

m.   Award Plaintiffs', Ex Post Facto Class members', and Due Process Class Members' costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988(b) and Fed. R. Civ. P. 23(h);

n.   Tax the costs of this action to Defendants; and

o.   Grant all other necessary or proper relief.

Respectfully submitted:

/s/ W. Justin Adams
W. Justin Adams (TN BPR # 022433)
BONE MCALLESTER NORTON PLLC
511 Union Street, Suite 1600
Nashville, Tennessee 37219
Telephone: 615-238-6300
wjadams@bonelaw.com

/s/ Kyle F. Mothershead
Kyle F. Mothershead (TN BPR # 022953)
The Law Office of Kyle Mothershead
414 Union Street, Suite 900
Nashville, Tennessee 37219
Telephone: 615-982-8002
kyle@mothersheadlaw.com

/s/ Benjamin K. Raybin
Benjamin K. Raybin (TN BPR # 029350)
RAYBIN & WEISSMAN, P.C.

424 Church Street, Suite 2120
Nashville, Tennessee 37219
Telephone: 615-256-6666
braybin@nashvilletnlaw.com

/s/ Patrick T. McNally
Patrick T. McNally (TN BPR # 010046)
WEATHERLY, MCNALLY & DIXON, PLLC
424 Church Street, Suite 2260
Nashville, Tennessee 37219
Telephone: 615-986-3362
pmcnally@wmdlawgroup.com

**Counsel for John Does #1–3**