IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE, NASHVILLE DIVISION

| | |
|---|---|
| **JOHN DOES #1–3, individually and on behalf of all others similarly situated,**<br><br>Plaintiffs,<br><br>*vs.*<br><br>**WILLIAM B. LEE, Governor of the State of Tennessee, and DAVID B. RAUSCH, Director of the Tennessee Bureau of Investigation, and TONY C. PARKER, Commissioner of the Tennessee Department of Corrections, in their official capacities,**<br><br>Defendants. | **Case No. 3:19-cv-00532** |

## MEMORANDUM IN SUPPORT OF MOTION TO CERTIFY RULE 23(B)(2) CLASS

Plaintiffs submit this memorandum in support of their motion to certify declaratory and injunctive classes pursuant to Fed. R. Civ. P. 23(b)(2).

### FACTUAL BACKGROUND

On May 10, 2019, Tennessee Governor William Lee signed into law Senate Bill No. 425 (2019 Public Chapter No. 374) (hereinafter "SB 425"), which amends the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification, and Tracking Act of 2004[1] ("SORA") to make it a felony for any person who has ever been convicted of a sex offense against any child under the age of twelve to knowingly reside, spend the night, or be alone with the person's own minor children, even if the person has never committed a sex offense against his own child. SB 425 is set to take effect July 1, 2019.

Plaintiffs, custodial fathers of minor children whom SB 425 will separate from their children on July 1, 2019, have filed suit under both the United States and Tennessee Constitutions

---

[1] Codified at Tenn. Code Ann. §§ 40-39-201–40-39-218 (2018).

seeking declaratory and injunctive relief so that they can continue in their role as fathers to their children. Contemporaneous with this motion, Plaintiffs have filed a motion for a temporary restraining order and preliminary injunction, asking the Court to prohibit Defendants from enforcing SB 425 and breaking up Plaintiffs' families.

## ARGUMENT

### I. Proposed Classes.

Plaintiffs seek certification of two classes under Rule 23(b)(2) for purposes of declaratory and injunctive relief: an "Ex Post Facto Class," composed of parents whom SB 425 will deprive of their parental rights solely due to a conviction for a qualifying offense that occurred prior to SB 425's passage, and a "Due Process Class," composed of parents whom SB 425 will deprive of their fundamental parental rights solely due to conviction for a qualifying offense.

#### A. Ex Post Facto Class.

The proposed Ex Post Facto class is defined as every resident of Tennessee:

(a) Who has been convicted of a "sexual offense" or "violent sexual offense" as defined by Tenn. Code Ann. § 40-39-202 against a victim under the age of twelve;

(b) Whose qualifying offense occurred prior to May 10, 2019; and

(c) Who is the parent of a minor child.

#### B. Due Process Class.

The proposed "Due Process Class" is defined as every resident of Tennessee:

(a) Who has been convicted of a "sexual offense" or "violent sexual offense" as defined by T.C.A. § 40-39-202 against a victim under the age of twelve; and

(b) Who is the parent of a minor child.

Both proposed classes meet the requirements under Fed. R. Civ. P. 23(a), as well as the requirement under Rule 23(b) that Defendants "have acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Therefore, Rule 23(b)(2) certification of both classes is appropriate in this case.

II.     **Rule 23(a) Requirements.**

Plaintiffs' proposed classes meet all four of the Rule 23(a) requirements for certification:

   A.     **Numerosity.**

To be certified as a class, Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). All that is required to meet the numerosity requirement is a "substantial number" of class members; in the Sixth Circuit, a class of forty or more plaintiffs presumptively meets this requirement. *Am. Med. Sys., Inc.*, 75 F.3d at 1079 (*citing Senter v. GMC*, 532 F.2d 511, 523 n.24 (6th Cir. 1976)). *Daffin v. Ford Motor Co.*, 458 F.3d 549, 552 (6th Cir. 2006); *City of Goodlettsville v. Priceline.com, Inc.*, 267 F.R.D. 523, 529 (M.D. Tenn. 2010). Moreover, even if the exact size of the class is unknown, the proposed class satisfies the numerosity requirement if "general knowledge and common sense indicate that it is large." *Olden v. LaFarge Corp.*, 203 F.R.D. 254, 269 (E.D. Mich.). Finally, a class with a substantial number of members combined with the inability of the class members to bring separate suits weighs in favor of class certification under Fed. R. Civ. P. 23(a)(1). *Mays v. Tenn. Valley Auth.*, 274 F.R.D. 614, 621 (E.D. Tenn. May 10, 2011). In civil rights cases, "the numerosity requirement is usually satisfied by the showing of a colorable claim by the named plaintiff who is a member of a larger class having potentially similar claims." *Weathers v. Peters Realty Corp.*, 499 F.2d 1197, 1200 (6th Cir. 1974).

Here, Plaintiffs' proposed classes easily meet the numerosity requirement. Indeed, a 2018 study by the National Center for Missing and Exploited Children found Tennessee had 29,123 registered sex offenders. *See* <https://newschannel9.com/news/local/tennessee-claims-among-highest-rates-of-registered-sex-offenders-according-to-ncmec-data> (accessed June 26, 2019). While Plaintiffs do not have data on how many of these offenders offended against a child under the age of twelve, "general knowledge and common sense" indicates that the number must be well in excess of forty. Therefore, Rule 23(a)(1)'s numerosity requirement is easily met.

### B.   Commonality.

A proposed class satisfies the commonality requirement of Rule 23(a)(2) if the class members' claims "depend on a common contention" and that common contention is "of such a nature that it is capable of class-wide resolution." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Thus, a proposed class satisfies the commonality requirement if there exists even a single "common issue the resolution of which will advance the litigation." *Sprague v. GMC*, 133 F.3d 388, 397 (6th Cir. 1998); *Am. Med. Sys., Inc.*, 75 F.3d at 1080. Here, the case obviously meets commonality requirements, since both classes are defined in reference to SB 425. Thus, the members of the Ex Post Facto Class are united in their claim that SB 425's new prohibitions violate the class's rights under the *Ex Post Facto* clauses of the U.S. and Tennessee Constitutions, while the members of the Due Process Class are united in their claim that SB 425's restrictions violate the class's federal and state constitutional rights to due process (substantive and procedural) and against cruel and unusual punishment. Therefore, Rule 23(a)(2) commonality is easily met.

### C. Typicality.

Rule 23(a)(3)'s typicality requirement determines whether there exists a "sufficient relationship" between the injury to the named plaintiff and the conduct affecting the class such that there is a "collective nature" to the challenged conduct. *Stout v. J.D. Byrider*, 228 F.3d 709, 717 (6th Cir. 2000) (*quoting Sprague*, 133 F.3d at 399). In other words, "[a]s goes the claim of the named plaintiff, so go the claims of the class." *Id.* Typicality does not require the claims of the class representative to be identical to the claims of other class members. *Id.* at 155. Rather, a claim is typical if it: (1) arises from the same event or practice or course of conduct that gives rise to the claims of other class members and (2) is based on the same legal theory as their claims. *Craft v. Vanderbilt Univ.*, 174 F.R.D. 396, 404 (M.D. Tenn. 1996). Thus, "The commonality and typicality requirements of Rule 23(a) tend to merge." *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 157 (1982).

Here, as articulated above, Plaintiffs' claims are typical of the claims of both the Ex Post Facto and Due Process Classes. Indeed, in this case Plaintiffs' claims are identical to those of the proposed classes. Therefore, Rule 23(a)(3) typicality is easily met.

### D. Adequacy of Representation.

Plaintiffs and their counsel satisfy Rule 23(a)(4)'s requirement that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). There are two criteria for determining whether a class will be adequately represented: (1) the class representative must have common interests with unnamed members of the class, and (2) the class representative will vigorously prosecute the interests of the case through qualified counsel. *Rutherford v. City of Cleveland*, 137 F.3d 905, 909 (6th Cir. 1998); *Am. Med. Sys., Inc.*, 75 F.3d at 1083 (*citing Senter*, 532 F.2d at 525). Thus, each named plaintiff's interests must be coexten-

sive with, and not antagonistic to, the interests of the class on all issues that relate to the class. *Senter v. GMC*, 532 F.2d 511, 525 (6th Cir. 1976); *see e.g., Hansberry v. Lee*, 311 U.S. 32, 85 (1940). The adequate representation requirement is interrelated with the typicality requirement, because without the class representative having a typical claim, he has no incentive to pursue the claims of other class members. *Am. Med. Sys., Inc.*, 75 F.3d at 1083. Thus, Rule 23(a)(4) is satisfied if the class representative's interests are synonymous with the unnamed class members and the class representative will vigorously prosecute the interests of the class through qualified counsel. *Id.*

Here, each Plaintiff satisfies Rule 23(a)(4) because his interests are identical to the interests of the proposed classes. Each Plaintiff is a member of both proposed classes and each Plaintiff faces the same imminent family breakup as other class members because of SB 425's impending implementation. Thus, each Plaintiff has a powerful incentive to vigorously litigate these claims to the fullest extent possible.

In addition, proposed class counsel are qualified to litigate this case and will adequately protect the interests of the class. All of the attorneys representing Plaintiffs are experienced federal civil litigators and one member of Plaintiffs' legal team has previously been certified as class counsel in the Middle District. *Cindy Rodriguez, et al. v. Providence Community Corrections, Inc. et al.*, Middle District Case No. 3:15-cv-01048, ECF 197, at 8 (certifying damages class and appointing Kyle Mothershead as part of class counsel team)., Moreover, proposed class counsel have the time and resources to vigorously litigate this case, and are familiar with the federal laws and procedures that will be relevant during the course of the litigation. (Declarations of proposed class counsel are attached as **Exhibits 1, 2, 3,** and **4**.) Thus, Plaintiffs and their counsel are adequate representatives for purposes of Rule 23(a)(4).

**III.  Rule 23(b)(2) Requirement.**

Plaintiffs' proposed classes, which seek declaratory and injunctive relief only, qualify for Rule 23(b)(2) certification because each Defendant "has acted…on grounds that apply generally to the class…." Fed. R. Civ. P. 23(b)(2). Indeed, cases are particularly well-suited for 23(b)(2) treatment if they contain a common claim that is susceptible to a single proof and are subject to a single injunctive remedy. *See Senter*, 532 F.2d at 525. Thus, Rule 23(b)(2) is appropriate when final injunctive relief would be appropriate to the class as a whole, based on the facts of the case. *See Doe by and through Frazier v. Hommrich,* 2017 WL 660681 (M.D. Tenn. 2017) (certifying Rule 23(b)(2) class claim seeking to enjoin unconstitutional solitary confinement of juvenile delinquents). Here, Plaintiffs' and the proposed class members' claims for declaratory and injunctive relief will rise or fall depending on the success of their common constitutional claims. This is exactly the type of case that Rule 23(b)(2) exists to certify.

## CONCLUSION

For these reasons, Plaintiffs request that the Court certify both the Ex Post Facto Class and the Due Process Class pursuant to Fed. R. Civ. P. 23(b)(2), appoint Plaintiffs as class representatives, and appoint the undersigned as class counsel.

Respectfully submitted:

/s/ W. Justin Adams
W. Justin Adams (TN BPR # 022433)
BONE MCALLESTER NORTON PLLC
511 Union Street, Suite 1600
Nashville, Tennessee 37219
Telephone: 615-238-6300
wjadams@bonelaw.com

/s/ Kyle F. Mothershead
Kyle F. Mothershead (TN BPR # 022953)
The Law Office of Kyle Mothershead
414 Union Street, Suite 900
Nashville, Tennessee 37219

Telephone: 615-982-8002
kyle@mothersheadlaw.com

/s/ Benjamin K. Raybin
Benjamin K. Raybin (TN BPR # 029350)
RAYBIN & WEISSMAN, P.C.
424 Church Street, Suite 2120
Nashville, Tennessee 37219
Telephone: 615-256-6666
braybin@nashvilletnlaw.com

/s/ Patrick T. McNally
Patrick T. McNally (TN BPR # 010046)
WEATHERLY, MCNALLY & DIXON, PLLC
424 Church Street, Suite 2260
Nashville, Tennessee 37219
Telephone: 615-986-3362
pmcnally@wmdlawgroup.com

**Counsel for John Does #1–3**

**CERTIFICATE OF SERVICE**

  I certify that on June 27, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by hand delivery:

Governor William B. Lee
c/o Hon. Herbert H. Slatery, III
Attorney General & Reporter
301 Sixth Avenue North
Nashville, TN 37243

Hon. David B. Rausch, Director
Tennessee Bureau of Investigation
c/o Hon. Herbert H. Slatery, III
Attorney General & Reporter
301 Sixth Avenue North
Nashville, TN 37243

Hon. Tony C. Parker, Commissioner
Tennessee Department of Corrections
c/o Hon. Herbert H. Slatery, III
Attorney General & Reporter
301 Sixth Avenue North
Nashville, TN 37243

                /s/W. Justin Adams
                W. Justin Adams