**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **JOHN DOES #1-3, individually and on behalf of all others similarly situated,** | ) ) ) | |
| **Plaintiffs,** | ) ) | |
| | ) | **NO. 3:19-cv-00532** |
| **v.** | ) ) | |
| | ) | **JUDGE CAMPBELL** |
| **WILLIAM B. LEE, et al.,** | ) | **MAGISTRATE JUDGE BROWN** |
| | ) | |
| **Defendants.** | ) | |

## TEMPORARY RESTRAINING ORDER

Pending before the Court is Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (Doc. No. 6). Plaintiffs request the Court issue a temporary restraining order prohibiting Defendants William B. Lee, David B. Rausch, and Tony C. Parker from enforcing Public Chapter No. 374 ("PC 374") against Plaintiffs and proposed class members. Plaintiffs argue, in part, that the new law violates the Ex Post Facto Clause of the United States Constitution.

The founders of this Republic recognized the inherent dangers to liberty that can result from ex post facto laws. "Ex post facto laws . . . are contrary to the first principles of the social compact, and to every principle of sound legislation." *The Federalist No. 44* (James Madison). With the prohibition against a state's passage of ex post facto laws included in Article I, Section 10 of the Constitution, courts, when presented with a proper case and controversy, serve as guardians against "any law which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishments to that then prescribed." *Weaver v. Graham,* 450 U.S. 24, 28 (1981). This constitutional prohibition protects "personal rights" and

guards against "snares to the more-industrious and less informed part of the community," *The Federalist No. 44,* that can result from even well-intentioned, but nevertheless ex post facto, laws.

Effective July 1, 2019, Subsection (c)(3) of PC 374 amends the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification, and Tracking Act of 2004, codified at Tenn. Code Ann. §§ 40-39-201–40-39-218 (2018) ("SORA") and makes it a felony for a sex offender to knowingly reside, spend the night, or be alone with his minor child if that offender has been convicted of a sex offense involving an unrelated minor under the age of twelve.

Through the Complaint (Doc. No. 1), Plaintiffs allege they are sex offenders who fall within the scope of PC 374 due to the age of the victims of their offenses. John Doe #1 has filed a Declaration (Doc. No. 6-1) stating that he is a single parent who resides with, and cares for, his five-year old non-verbal, autistic son. John Doe #1 states that he works from home and provides care for his son throughout the day, including therapeutic programming. (*Id.*). If PC 374 is enforced against him, John Doe #1 states, he will be prohibited from living with and caring for his son:

> There is no one else to care for my son with his special needs. My son has separation anxiety upon the abandonment by his mother and this would be greatly worsened if the State is permitted to force me to move out of our home. He cannot cope when I am gone for any length of time. I cannot afford to hire a special needs caregiver with the skill set to nurture an autistic young child.

(Doc. No. 6-1, at 4).

John Doe #2 states that he and his wife live together on a farm with their 16-year old daughter. (Doc. No. 6-2). John Doe #2 states that his wife is a nurse, and he stays at home to homeschool their 16-year old daughter, who suffers from anxiety and depression, and is dyslexic.

(*Id.*) If PC 374 is enforced against him, John Doe #2 states, he will be prohibited from living with his family, caring for his daughter, and operating the farm:

> There is no one else to care for my daughter at home or to operate the farm . . . The family business is over if I am not on the farm to run the operations . . . My business will collapse, I will be unemployed, and the family financial condition diminished. No one will be home to work with my daughter's schooling if I am forced to leave the farm.

(Doc. No. 6-2, at 4).

John Doe #3 states that he currently lives with his wife and two children. (Doc. No. 6-3). John Doe #3 states that he works in construction during the day, and his wife works lengthy shifts as a nurse, that can cover both day and night, so they can make enough money to make ends meet. (*Id.*) According to John Doe #3, he frequently cares for his children while his wife is at work. (*Id.*) If PC 374 is enforced against him, John Doe #3 states, he will be prohibited from living with his family, and be forced to find a new residence and hire a babysitter, requiring additional expense his family cannot afford. (*Id.*)

Plaintiffs allege PC 374 is invalid based on the following grounds: (1) PC 374 violates the United States and Tennessee Constitutions' prohibitions against *ex post facto* laws. U.S. Constitution, art. I, § 10, cl. 1; Tenn. Const., art. I, § 11; (2) PC 374 violates Plaintiffs' fundamental right under the United States and Tennessee Constitutions to enter into and carry on family relationships with their children. U.S. Constitution, amend. I, amend. XIV, § 1; Tenn. Const., art. I, § 8; (3) PC 374 violates Plaintiffs' fundamental right under the United States and Tennessee Constitutions to direct the education and upbringing of their children. U.S. Constitution, amend. XIV, § 1; Tenn. Const., art. I, § 8; (4) PC 374 deprives Plaintiffs' of the liberty to live with their own children without due process of law in violation of the United States and Tennessee Constitutions. U.S. Constitution, amend. XIV, § 1; Tenn. Const., art. I, § 8;

3

and (5) PC 374 violates the United States and Tennessee Constitutions' prohibitions against cruel and unusual punishment. U.S. Constitution, amend VIII; Tenn. Const., art. I, § 16.

In determining whether to issue a temporary restraining order ("TRO") pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Court is to consider: (1) the plaintiff's likelihood of success on the merits; (2) whether the plaintiff may suffer irreparable harm absent the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of the injunction on the public interest. *See, e.g., Doe v. Univ. of Cincinnati*, 872 F.3d 393, 399 (6th Cir. 2017).

Based on Plaintiffs' filings and the entire record, and for the reasons set forth herein, the request for a temporary restraining order is **GRANTED** on the terms and conditions stated herein. The Court finds as follows:

(1)     Plaintiffs have demonstrated a strong or substantial likelihood of success on the merits of their claims under the Ex Post Facto Clause, *see, e.g., Does v. Snyder,* 834 F.3d. 696 (6th Cir. 2016).[1] Plaintiffs pled guilty to their sex offender offenses in 1999, 2005, and 2007, respectively, and none of their sentences, nor applicable laws at that time, prohibited them from living with current or future biological children. (Doc. Nos. 6-1, 6-2, 6-3). Plaintiffs have demonstrated a strong likelihood of success in proving the retroactive application of Subsection (c)(3) of PC 374 to them will have punitive effects.

(2)     Plaintiffs have demonstrated they will suffer immediate and irreparable injury, harm, loss, or damage if injunctive relief is not granted pending a preliminary injunction hearing;

---

[1]   Because the Court concludes Plaintiffs have demonstrated a substantial likelihood of success on the merits of the Ex Post Facto Clause claim, it is unnecessary for the Court to consider the likelihood of success on the merits of the other claims raised by Plaintiffs' Complaint. *See, e.g., D.M. by Bao Xiong v. Minnesota State High Sch. League,* 917 F.3d 994, 1003 (8th Cir. 2019).

4

(3)     The balance of relative harms among the parties weighs in favor of Plaintiffs and against Defendants; and

(4)     The public interest will not be harmed by injunctive relief pending a preliminary injunction hearing.

It is, therefore, ORDERED that, pursuant to Federal Rule of Civil Procedure 65: Defendants, their officers, agents, employees, servants, attorneys, and all persons in active concert or participation with them, are hereby enjoined and restrained from enforcing Subsection (c)(3) of PC 374,[2] pending further order of the Court.

Given that Defendants are unlikely to incur damages or costs from this injunctive relief, Plaintiffs are excused from posting security as a condition of obtaining injunctive relief.

This TRO is effective upon its issuance on June 28, 2019, at 12:00 p.m., and expires on July 12, 2019, at 12:00 p.m., absent further order of the Court. Plaintiffs' request for a preliminary injunction will be considered at a hearing on July 11, 2019, at 3:00 p.m., as set by separate order.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

---

[2]     The Court may, in its discretion based on general equity powers, grant temporary injunctive relief before ruling on Plaintiffs' request for class certification. *See Rodriguez v. Providence Community Corrections, Inc.,* 155 F. Supp. 3d 758 (M.D. Tenn. 2015); *Fish v. Kobach*, 189 F. Supp. 3d 1107, 1148 (D. Kan.), *aff'd*, 691 F. App'x 900 (10th Cir. 2016), and *aff'd*, 840 F.3d 710 (10th Cir. 2016), and order enforced, 294 F. Supp. 3d 1154 (D. Kan. 2018) ("[C]ase law supports this Court's authority to issue classwide injunctive relief based on its general equity powers before deciding the class certification motion."); *O.B. v. Norwood,* 170 F. Supp. 3d 1186, 1200 (N.D. Ill.), aff'd, 838 F.3d 837 (7th Cir. 2016) ("[i]t is unnecessary to certify, or even conditionally certify, Plaintiffs' proposed class at this time. . . 'The lack of formal class certification does not create an obstacle to classwide preliminary injunctive relief when activities of the defendant are directed generally against a class of persons.'"); *see also Gooch v. Life Inv'rs Ins. Co. of Am.*, 672 F.3d 402, 433 (6th Cir. 2012).