IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE, NASHVILLE DIVISION

| | |
|---|---|
| **JOHN DOES #1–3, individually and on behalf of all others similarly situated,**<br><br>　Plaintiffs,<br><br>*vs.*<br><br>**WILLIAM B. LEE, Governor of the State of Tennessee, and DAVID B. RAUSCH, Director of the Tennessee Bureau of Investigation, and TONY C. PARKER, Commissioner of the Tennessee Department of Corrections, in their official capacities,**<br><br>　Defendants. | Case No. 3:19-cv-00532 |

## PROTECTIVE ORDER

This matter came before the Court on Plaintiffs' motion for permission to proceed in this action under the pseudonyms "John Doe #1," "John Doe #2," and "John Doe #3," respectively, and to enter a protective order barring the disclosure of their true names or other information that identifies them or their family members, directly or indirectly and requiring that any documents containing such information be redacted or filed under seal.

Based on Plaintiffs' motion, Plaintiffs' supporting memorandum, and the entire record in this case, the Court finds there is good cause to grant Plaintiffs' motion and hereby **ORDERS:**

1. Plaintiffs may proceed in this action under the pseudonyms "John Doe #1," "John Doe #2," and "John Doe #3," respectively.

2. All documents filed with the Court that contain the name of Plaintiffs or information that identifies Plaintiffs or their family members, directly or indirectly ("Identifying Information"), shall be redacted or filed under seal.

3. All publicly-filed documents shall identify Plaintiffs only by their pseudonyms.

4. Plaintiffs' counsel shall disclose Plaintiffs' true names and, to the extent otherwise discoverable under the Federal Rules of Civil Procedure, other Identifying Information, upon request to Defendants' counsel.

5. Defendants' counsel may disclose Identifying Information to Defendants, Defendants' employees, and experts retained in this action, but only to the minimum extent necessary to litigate this action.

6. Individuals to whom Identifying Information is disclosed shall not further disclose that information to any other person without first obtaining confirmation from Defendants' counsel that such disclosure is necessary to litigate this action.

7. Before disclosing Identifying Information to any person for purposes of litigating this action, Defendants' counsel shall give that person a copy of this order, require that person to read this order, specifically point out to that person the provisions of section 3 and 4 of this order, and specifically warn that person that violation of this order may result in sanctions for contempt of Court.

8. Under no circumstances shall any person disclose Identifying Information to the media without the express written consent of Plaintiffs' counsel.

9. If any specific issues related to non-disclosure of Identifying Information arise during the course of litigation, the parties shall seek to resolve those issues without court intervention. If the parties cannot agree, they shall seek further clarification from this Court.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE