IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| JOHN DOES #1-3, individually and on behalf of others similar situated, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | No. 3:19-cv-00532 <br> District Judge William L. Campbell, Jr. |
| WILLIAM B. LEE, Governor of the State of Tennessee, and DAVID B. RAUSCH, Director of the Tennessee Bureau of Investigation, and TONY C. PARKER, Commissioner of the Tennessee Department of Correction, in their official capacities, ) ) ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

## AGREED ORDER EXTENDING
## TEMPORARY RESTRAINING ORDER

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, the parties to this case, through counsel, agree as follows:

1.  Effective July 1, 2019, Subsection (c)(3) of Public Chapter No. 374 ("PC 374") amends the Tennessee Sexual Offender and Violent Offender Registration, Verification, and Tracking Act of 2004, codified at Tenn. Code Ann. §§ 40-39-201–40-39-2018 (2018) and makes it a felony for a sex offender to knowingly reside, spend the night, or be alone with his minor child if that offender has been convicted of a sex offense involving an unrelated minor under the age of twelve.

2. Plaintiffs moved for a temporary restraining order and preliminary injunction prohibiting Defendants from enforcing PC 374 against Plaintiffs and proposed class members.

3. On June 28, 2019, this Court entered a Temporary Restraining Order (Doc. ID #10) prohibiting Defendants from enforcing PC 374 against Plaintiffs and proposed class members based on the following findings:

    a. Plaintiffs have demonstrated a strong or substantial likelihood of success on the merits of their claims under the Ex Post Facto Clause, see, e.g., Does v. Snyder, 834 F.3d. 696 (6thCir. 2016). Plaintiffs pled guilty to their sex offender offenses in 1999, 2005, and 2007, respectively, and none of their sentences, nor applicable laws at that time, prohibited them from living with current or future biological children. (Doc. Nos. 6-1, 6-2, 6-3). Plaintiffs have demonstrated a strong likelihood of success in proving the retroactive application of Subsection (c)(3) of PC 374 to them will have punitive effects;

    b. Plaintiffs have demonstrated they will suffer immediate and irreparable injury, harm, loss, or damage if injunctive relief is not granted pending a preliminary injunction hearing;

    c. The balance of relative harms among the parties weighs in favor of Plaintiffs and against Defendants; and

    d. The public interest will not be harmed by injunctive relief pending a preliminary injunction hearing;

That Temporary Restraining Order, by its terms, is to expire on July 12, 2019 at 12:00 p.m.

4. The Court set the Plaintiffs' request for a preliminary injunction for hearing on July 11, 2019 at 3:00 p.m.

5. Pursuant to Rule 65(b)(2) of the Federal Rules of Civil Procedure, the Defendants have consented to an extension of the terms of the Temporary Restraining Order so that the Court's hearing on the Plaintiffs' motion for an injunction is consolidated with the trial on the merits of this case.

6. The Plaintiffs agree that the terms of the Temporary Restraining Order should be extended and that the hearing on their motion for an injunction should be consolidated with the trial on the merits of this case.

7. The parties submit that this extension will simplify this litigation and serve the goal of judicial economy.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Temporary Restraining Order (Doc. ID #10) shall continue in effect through the trial on the merits of this case, and the hearing on Plaintiffs' motion for an injunction shall be consolidated with that trial. All terms of the Temporary Restraining Order are incorporated herein by reference and, as stated in that order, it is ORDERED that, pursuant to Federal Rule of Civil Procedure 65: Defendants, their officers, agents, employees, servants, attorneys, and all persons in active concert or participation with them, are hereby enjoined and restrained from enforcing Subsection (c)(3) of PC 374, pending further order of the Court.

Given that Defendants are unlikely to incur damages or costs from this injunctive relief, Plaintiffs are excused from posting security as a condition of obtaining injunctive relief.

It is so **ORDERED.**

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE