IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| JOHN DOES #1-3, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM B. LEE, Governor of the State of Tennessee, and DAVID B. RAUSCH, Director of the Tennessee Bureau of Investigation, and TONY C. PARKER, Commissioner of the Tennessee Department of Correction, in their official capacities,<br><br>Defendants. | No. 3:19-cv-00532<br>District Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Joe B. Brown |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR STAY OF PROCEEDINGS

Defendants respectfully file this memorandum of law in support of their Motion for Stay of Proceedings. Defendants request that the Court stay all deadlines and proceedings in this case through and through June 30, 2020.

### BACKGROUND FACTS

Plaintiffs filed their complaint on June 26, 2019, in which they assert that Tenn. Code Ann. § 40-39-211, as amended by Public Chapter No. 374, effective July 1, 2019, violates the United States Constitution and Tennessee Constitution. Plaintiffs have been convicted of a sexual offense or violent sexual offense the victim of which was a child under twelve (12) years of age who was not the plaintiffs' own child. They allege that their fundamental parental rights are violated by

operation of Tenn. Code Ann. § 40-39-211(c)(3). Plaintiffs seek to have this case certified as a class action.

On June 28, 2019, prior to the effective date of Public Chapter No. 374, this Court issued a Temporary Restraining Order (Doc. 10) enjoining "Defendants, their officers, agents, employees, servants, attorneys, and all persons in active concert or participation with them" from "enforcing Subsection (c)(3) of PC 374 pending further order of the Court." (Doc. 10 Page ID# 123.) The parties filed an Agreed Order Extending Temporary Restraining Order, entered by the Court on July 10, 2019. (Doc. 17.) The effect of that Agreed Order was to extend the terms of the Temporary Restraining Order through a trial on the merits of this case.

The Court entered an Initial Case Management Order in this case on September 16, 2019. (Doc. 34.) That Order sets forth deadlines for class discovery, proceedings regarding class certification, and other pre-trial matters. This case is set for a bench trial beginning March 23, 2021. (Doc. 36 Page ID# 233.)

On December 20, 2019, House Bill No. 1583 was filed by Representative Clay Doggett. A copy of House Bill No. 1583 is attached as <u>Exhibit 1</u>. House Bill No.1583 proposes to amend Tenn. Code Ann. § 40-39-211 by deleting subsection (c)(3). On December 23, 2019, Senate Bill No. 1568 was filed by Senator Joey Hensley. A copy of Senate Bill No. 1568 is attached as <u>Exhibit 2</u>. Senate Bill No. 1568 proposes to amend Tenn. Code Ann. § 40-39-211 by deleting subsection (c)(3).

The 111th Tennessee General Assembly is due to reconvene on January 14, 2020, at which time consideration of these bills will begin. While no outcome can be guaranteed, these bills are being sponsored by the same legislators who sponsored the bills that ultimately became Public Chapter No. 374.

## LEGAL ANALYSIS

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). Entry of an order staying proceedings "ordinarily rests with the sound discretion of the District Court." *Ohio Environmental Council v. U.S. Dist. Court*, 565 F.2d 393, 396 (6th Cir. 1977). Factors a district court typically considers in exercising its discretion include the prejudice to non-moving parties if the stay is granted, prejudice to the moving party if it is not, and the degree to which judicial economy and efficiency would be served if a stay is granted. *Sec. of U.S. Dept of Labor v. Kavalec*, No. 1:19-cv-00968, 2019 WL 5684462 at *3 (N.D. Ohio, Nov. 1, 2019).

Here, judicial economy and efficiency would be served by a stay. Indeed, a stay of this case would be beneficial to all parties, to the public, and to the Court. If the Tennessee General Assembly enacts the pending bills, such action would render this case moot. *See Hill v. Snyder*, 878 F.3d 193, 204 (6th Cir. 2017) ("Legislative action ordinarily moots a case midstream, when a challenged provision is repealed or amended during the pendency of the litigation.") There will be no need for the parties to litigate, and for this Court to determine, whether subsection (c)(3) violates the constitutional rights of the plaintiffs or any other persons.

If a stay is not granted, all parties and the court risk engaging in complex and protracted litigation with the possibility that legislative action will render those efforts moot. The Initial Case Management Order (Doc.34) requires the parties to complete discovery related to class certification by February 28, 2020 and all discovery by June 26, 2020. All of the parties' pleadings regarding class certification must be filed by April 17, 2020. Plaintiffs must disclose any experts by July 10, 2020 and Defendants must disclose their experts by August 10, 2020. All experts must

be deposed by September 13, 2020. Dispositive motions must be filed no later than October 16, 2020. In short, absent a stay, the parties and the Court will devote extensive time and resources to this case in the next six months and all pre-trial activities must be completed in the next ten months.

A stay in the proceedings in this case will cause no harm to Plaintiffs or any proposed class members, as the Temporary Restraining Order protects their interests during the pendency of this case. Likewise, there will be no prejudice or harm to the public, as all persons impacted by subsection (c)(3) are protected by the Temporary Restraining Order. A stay will serve the interests of judicial economy and efficiency. It is neither necessary nor desirable for this case to proceed while the General Assembly considers bills which would delete the statutory provision at issue.

## CONCLUSION

For the reasons stated, Defendants respectfully request that their motion for stay be granted.

Respectfully Submitted,

HERBERT H. SLATERY III
Attorney General and Reporter

s/ Dianna Baker Shew
Dianna Baker Shew, BPR # 12793
Senior Assistant Attorney General
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, TN 37202-0207
dianna.shew@ag.tn.gov
(615) 532-1969

s/ Stephanie A. Bergmeyer
Stephanie A. Bergmeyer, BPR # 27096
Senior Assistant Attorney General
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202-0207
stephanie.bergmeyer@ag.tn.gov
(615) 741-6828

**CERTIFICATE OF SERVICE**

       I hereby certify that a true and exact copy of the foregoing was filed electronically and served through the electronic filing system on this the 23rd day of December 2019, upon the following:

W. Justin Adams
Bone McAllester Norton PLLC
511 Union Street, Suite 1600
Nashville, Tennessee 37219
wjadams@bonelaw.com

Kyle F. Mothershead
The Law Office of Kyle Mothershead
414 Union Street, Suite 900
Nashville, Tennessee 37219
kyle@mothersheadlaw.com

Benjamin K. Raybin
Raybin & Weissman, P.C.
424 Church Street, Suite 2120
Nashville, Tennessee 37219
braybin@nashvilletnlaw.com

Patrick T. McNally
Weatherly, McNally & Dixon, PLLC
424 Church Street, Suite 2260
Nashville, Tennessee 37219
pmcnally@wmdlawgroup.com

                                              s/ Dianna Baker Shew
                                              Dianna Baker Shew

5

Case 3:19-cv-00532   Document 38   Filed 12/23/19   Page 5 of 5 PageID #: 246