IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| JOHN DOES #1-3, individually and on behalf of others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 3:19-cv-00532 |
| | ) | District Judge Waverly D. Crenshaw, Jr. |
| WILLIAM B. LEE, Governor of the State of Tennessee, and DAVID B. RAUSCH, Director of the Tennessee Bureau of Investigation, and TONY C. PARKER, Commissioner of the Tennessee Department of Correction, in their official capacities, | ) ) ) ) ) ) ) ) ) ) | Magistrate Judge Joe B. Brown |
| Defendants. | ) | |

**REPLY OF DEFENDANTS IN SUPPORT OF THEIR
MOTION FOR STAY OF PROCEEDINGS**

Defendants reply to Plaintiffs' Response in opposition to their motion to stay (Doc. 39). Contrary to Plaintiffs' argument, Defendants' motion should not be denied merely because there is no guarantee the pending legislative bills will be enacted. Indeed, this Court has stayed an action in a similar circumstance. Mem. Op., *Jones v. Coleman*, No. 3:16-cv-00677, 2017 WL 1397212, at *4 (M.D. Tenn. Apr. 19, 2017). In *Jones*, the defendants moved to stay proceedings due to pending legislation that would delete the statutory language plaintiffs alleged to be unconstitutional. *Id*. at *3. This Court cited to the factors of prejudice to either party and judicial economy and efficiency and stated that "[t]hose factors weigh in favor of a stay . . . ." *Id*. at *4. Because the Court granted an injunction precluding enforcement of the statute at issue, this Court

concluded that "neither party will be prejudiced by a stay." *Id*. Likewise, the relevant factors here weigh in favor of the stay requested.

Plaintiffs are wrong to assert that any legislative change illustrates "perverse incentives." A legislative action is presumptively legitimate and "the new legislation could just as credibly be viewed as a commendable effort to repair what may have been a constitutionally defective statute." *Khodara Envtl., Inc. v. Beckman*, 237 F.3d 186, 195 (3d. Cir. 2001) (J. Alito) (citation and quotations omitted). It could otherwise be deemed "responsible lawmaking." *Id*. *See also Fed. Of Advertising Indust. Reps., Inc. v. City of Chicago*, 326 F.3d 924 (7th Cir. 2003) (rejecting assertions that the City's actions were disingenuous and stating that repeal of ordinance likely revealed the City's "desire to avoid substantial litigation costs by removing a potentially unconstitutional law from the books"). Indeed, legislative changes to statutes that result in a case becoming moot are not uncommon. *See, e.g.*, *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 474 (1990); *U.S. Dep't of Treasury, Bureau of Alcohol, Tobacco & Firearms v. Galioto*, 477 U.S. 556, 559 (1986); *Khodara Envtl., Inc.*, 237 F.3d at 194-5; *Kentucky Right to Life, Inc. v. Terry,* 108 F.3d 637 (6th Cir. 1997); *Jones v. Haynes, III*, No. 17-5846, 736 Fed. Appx. 585, 590 (6th Cir. June 5, 2018) (affirming this Court's determination that the case was moot).

Plaintiffs' logic that this Court should decide the constitutional issue to deter the legislature from alleged "future abuses of legislative power" is flawed. It is counter to the well-established "Supreme Court precedent [which] makes it clear that courts should avoid unnecessary adjudication of constitutional issues." *Adams v. City of Battle Creek*, 250 F.3d 980, 986 (6th Cir. 2001) (citing *Ashwander v. Tennessee Valley Auth.*, 297 U.S. 288, 347 (1936)). *See also Jones*, 2017 WL 1397212 at *4. It is also contrary to judicial efficiency because Plaintiffs ask this Court to devote time and resources to an issue that could become moot in the course of judicial

2

determination. Moreover, there is the possibility that any determination by this Court could be vacated by the Sixth Circuit if the legislation is enacted while on appeal. *See Stewart v. Blackwell*, 473 F.3d 692, 693 (6th Cir. 2007) ("vacatur [is] generally appropriate to avoid entrenching a decision rendered unreviewable through no fault of the losing party"). *See also, e.g., U.S. v. Munsingwear*, 340 U.S. 36, 39 (1950) (established practice in appeal that has become moot is vacatur of judgment below and remand for dismissal); *Khodara Envtl., Inc.*, 237 F.3d at 194-5 (equity is served by vacating judgment holding statute facially unconstitutional when congress repealed challenged statute while appeal pending); *Chem. Producers & Distribs. Ass'n v. Helliker*, 463 F.3d 871, 879-80 (9th Cir. 2006) (vacating lower court's judgment and concluding that the statutory amendment mooting the case cannot be attributed to the party regardless of its legislative advocacy for the amendment) (overruled on other grounds). *Cf. Ford v. Wilder*, 469 F.3d 500, 506 fn.10 (6th Cir. 2006) (holding that vacatur is unwarranted when legislative-branch defendants mooted the case but noting that cases with executive-branch defendants may render a different determination of responsibility and outcome)

## CONCLUSION

For the reasons stated, Defendants respectfully request that their motion for stay be granted.

Respectfully Submitted,

HERBERT H. SLATERY III
Attorney General and Reporter

s/ Dianna Baker Shew
Dianna Baker Shew, BPR # 12793
Senior Assistant Attorney General
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, TN 37202-0207
dianna.shew@ag.tn.gov
(615) 532-1969

s/ Stephanie A. Bergmeyer
Stephanie A. Bergmeyer, BPR # 27096
Senior Assistant Attorney General
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202-0207
stephanie.bergmeyer@ag.tn.gov
(615) 741-6828

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing was filed electronically and served through the electronic filing system on this the 13th day of January 2020, upon the following:

W. Justin Adams
Bone McAllester Norton PLLC
511 Union Street, Suite 1600
Nashville, Tennessee 37219
wjadams@bonelaw.com

Kyle F. Mothershead
The Law Office of Kyle Mothershead
414 Union Street, Suite 900
Nashville, Tennessee 37219
kyle@mothersheadlaw.com

Benjamin K. Raybin
Raybin & Weissman, P.C.
424 Church Street, Suite 2120
Nashville, Tennessee 37219
braybin@nashvilletnlaw.com

Patrick T. McNally
Weatherly, McNally & Dixon, PLLC
424 Church Street, Suite 2260
Nashville, Tennessee 37219
pmcnally@wmdlawgroup.com

                                                s/ Stephanie A. Bergmeyer
                                                Stephanie A. Bergmeyer