UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN DOES #1-3, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   NO. 3:19-cv-00532 |
| | ) |
| WILLIAM B. LEE, Governor of the | ) |
| State of Tennessee, in his official | ) |
| capacity, et al., | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion for Stay of Proceedings and supporting Memorandum of Law (Doc. No. 37 and 38) through June 30, 2020, while the Tennessee General Assembly considers House Bill 1583 and Senate Bill 1568. These bills seek to amend Tenn. Code Ann. § 40-39-211 by deleting subsection (c)(3), which Plaintiffs claim to be unconstitutional in this case. Plaintiffs have responded in opposition to the stay (Doc. No. 39), and Defendants have replied (Doc. No. 41).

Defendants claim that "these bills are being sponsored by the same legislators who sponsored the bills that ultimately became Public Chapter No. 374," and that "[i]f the Tennessee General Assembly enacts either bill, such action would render this case moot." (Doc. No. 37 at 2-3.) In opposing the stay, Plaintiffs express concerns about the motivation behind this proposed legislation, the likelihood it will be enacted, and the uncertainty of whether "other bills might be enacted in this legislative session that affect the issues in this case." (Doc. No. 39 at 1-2.) In the interim, the Court's Temporary Restraining Order remains in effect to enjoin "Defendants, their officers, agents, employees, servants, attorneys, and all persons in active concert or participation

with them, are hereby enjoined and restrained from enforcing" Tenn. Code Ann. § 40-39-211(c)(3). (Doc. Nos. 10, 17.)

"A stay is not a matter of right, even if irreparable injury might otherwise result." Nken v. Holder, 556 U.S. 418, 433 (2009) (citation omitted). Nevertheless, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court." F.T.C. v. E.M.A. Nationwide, Inc., 767 F.3d 611, 626-27 (6th Cir. 2014) (citation omitted).

"[T]he propriety of its issue is dependent upon the circumstances of the particular case," and "[t]he party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." Nken, 556 U.S. at 433-34 (citations omitted). "In exercising its substantial discretion to determine whether to grant a stay, a district court generally considers (1) any prejudice to the non-moving party if a stay is granted, (2) any prejudice to the moving party if a stay is not granted, and (3) the extent to which judicial economy and efficiency would be served by the entry of a stay." Tennessee ex rel. Cooper v. McGraw-Hill Cos., Inc., No. 3:13-00193, 2013 WL 1785512, at *6 (M.D. Tenn. Apr. 25, 2013) (quoting, In re Honda of America Mfg., Inc. ERISA Fees Litigation, No. 2:08-cv-1059 GLF-TPK, 2009 WL 700696 at *1 (S.D. Ohio 2009)) (internal quotation marks omitted).

Here, those factors weigh heavily in favor of a stay. While the Tennessee General Assembly considers House Bill 1583 and Senate Bill 1568, Defendants remain subject to the Temporary Restraining Order preventing them from enforcing Tenn. Code Ann. § 40-39-211(c)(3) against Plaintiffs, and thus neither party will be prejudiced by a stay. Moreover, the most efficient use of the Court's and the parties' resources is to temporarily stay all proceedings and deadlines

2

Case 3:19-cv-00532   Document 43   Filed 02/18/20   Page 2 of 3 PageID #: 264

in this case. Otherwise, as Defendants correctly note, all parties and the Court risk engaging in unnecessary litigation and class discovery with the possibility that the entire action would be mooted by the Tennessee General Assembly enacting these bills.

Accordingly, Defendants' Motion for Stay of Proceedings (Doc. No. 37) is **GRANTED**, and this case is hereby **STAYED PENDING FURTHER ORDER** of the Court. On or before **June 30, 2020**, the parties shall **FILE** a status report on the progress of the pending legislation regarding Tenn. Code Ann. § 40-39-211(c)(3), and the need for further proceedings in this Court, if any. The Court's Temporary Restraining Order (Doc. Nos. 10, 17) remains in effect.

Given the stay ordered herein, Plaintiffs' Motion to Certify Rule 23(b)(2) Class (Doc. No. 4)[1] and Plaintiffs' Motion for Leave to File Partial Summary Judgment Motion on *Ex Post Facto* Claim (Doc. No. 40) are **DENIED WITHOUT PREJUDICE** to them being re-filed if the stay is lifted.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The Magistrate Judge authorized the parties to conduct additional class discovery by February 28, 2020, and permitted Plaintiffs to file an amended class certification motion by March 13, 2020. (Doc. No. 34 at 3-4.) Thus, in the likely event that Plaintiffs filed an amended motion, Plaintiffs' Motion to Certify Rule 23(b)(2) would have been denied as moot.